```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

JAMES CARTER,                  }
                               }
     Plaintiff,                }
                               }      CIVIL ACTION NO.
v.                             }      2:11-CV-01272-WMA
                               }
MEDICREDIT, INC.,              }
                               }
     Defendant.                }
```

**MEMORANDUM OPINION**

Plaintiff, James Carter, obtained a judgment by accepting Defendant, Medicredit, Inc.'s Rule 68 offer for $5,000, plus costs and reasonable attorneys' fees. The suit was pursuant to the Fair Debt Collection Practices Act.

More effort has been spent on the attorneys' fees question than on the case itself. Plaintiff has a pending motion requesting an hourly rate of $400 for attorney M. Stan Herring and an hourly rate of $400 for attorney John G. Watts. Herring has produced time records showing that he worked 45 hours and 18 minutes on this case. At a rate of $400/hour, this totals $18,120.00. Watts has produced time records showing that he spent 6.3 hours on this case. At a rate of $400/hour, this totals $2,520.00. The total amount of attorneys' fees they are requesting is $20,640.00. They have also claimed costs of $278.66.

Medicredit does not and cannot contest that Plaintiff is entitled to reasonable attorneys' fees and costs. It agreed to it.

Medicredit contests, however, Carter's suggested hourly rates and claims that the total number of hours spent are not reasonable. Why didn't the parties agree on the attorneys' fees when they agreed on the amount to be received by Carter? It is now obvious that the real loser is Medicredit.

**Reasonable Hourly Rate**

The burden is on Carter to establish that the requested amount is reasonable. See *Norman v. Housing Auth. Of Montgomery*, 836 F. 3d 1292, 1299 (11th Cir. 1988). Regarding a determination of what is reasonable, the Eleventh Circuit has said:

> Under *Hensley,* the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate. 461 U.S. at 433. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Id.*(citations omitted throughout).

Carter produces various forms of evidence to support a rate of $400/hour. Each attorney submitted an affidavit detailing his qualifications. They have both been practicing for roughly 15 years and in the past 5 years have devoted their practice solely to cases like the case at hand. They also frequently present on the FDCPA at CLE seminars and have written articles on the subject.

Other than statements in affidavits[1], Carter does not produce evidence of cases in which his lawyers actually received $400/hour. Counsel do state that they have been hired by multiple clients at this rate, but they say they do not want to break attorney client privilege by producing such evidence.

Carter produces as an exhibit a 2010 FDCPA case before Honorable Lynwood Smith and a 2010 case before this court in which these attorneys received $350/hour. Plaintiff argues that the attorneys have more experience than they did in 2010, and that this justifies an increase to $400/hour.

Carter also produced signed affidavits from three attorneys who say that the requested rate is appropriate. Medicredit argues that these affidavits do not provide objective evidence because they only state their opinion and do not provide evidence that the affiants have ever received that amount. Only one attorney

---

[1] Both affidavits state: "The majority of my cases involve FDCPA claims and I charge an hourly rate of $400.00. As recently as today, we were hired by a professional at $400.00 an hour in a consumer case. An hourly rate of $400.00 is appropriate for the *Carter v. Medicredit* case."

references her own rates; she says that she regularly charges $350/hour, but as Medicredit points out, she now practices in South Carolina, and that is not the relevant district. Additionally, $350 is not $400. The other two affidavits only state that they believe $400/hour is appropriate here.

Carter also submits an exhibit that contains data on rates for attorneys in DC and an exhibit that contains data comparing Birmingham rates to DC rates. Medicredit has moved to strike these exhibits. This motion will be granted in a separate order; therefore, the exhibits will not be used in fixing the appropriate fees.

Medicredit's counsel submits a personal affidavit stating that she regularly receives $190 to $265/hour and an affidavit of another attorney who defends FDCPA cases for $200-$250/hour. However, Carter points to authority supporting the idea that a defendant's fees are not comparable to a plaintiff's. *See Norman* 836 F.2d 1299-1300. This is because plaintiffs' attorneys work on a contingency basis compared to defendants' attorneys who have long client relationships with a guarantee they will be paid and a guarantee they will continue to receive work. *Also see* Judge Posner's discussion in *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566 (7th Cir. 1992).[2]

---

[2] "Suppose a lawyer can get all the work he wants at $200 an hour regardless of the outcome of the case, and he is asked to handle on a contingent basis a case that he estimates he has only a 50 percent chance of winning. Then if (as under the lodestar method) he is still to be paid on an hourly basis, he will charge (if risk neutral) $400 an hour for his work on the case in order that his *expected fee* will be $200, his normal billing rate.

In view of Carter's counsel's specialized practice and the invitation Medicredit gave them, the court concludes that a reasonable hourly rate for each is $375.00 per hour.

**Reasonableness of the Hours Plaintiff Expended**

The Eleventh Circuit instructs that "[t]he next step in the computation of the lodestar is the ascertainment of reasonable hours. *Hensley* states that 'excessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed. 461 US at 434." *See Norman*, 836 F.2d 1292 (11th Cir. 1988). Medicredit points to five specific areas where it believes the hours are excessive. However, the court does not agree that Carter's hours should be reduced. Medicredit's opposition to Carter's motion for attorneys' fees has caused Carter's counsel to spend extra hours on this case. Largely because Carter has politely agreed not to file a motion for more attorneys' fees, the lawyers' hours that he has claimed will not be reduced despite the fact that the court could spent a lot of time on the question of redundancy.

**Conclusion**

Having determined that Carter shall be allowed attorney fees for 45.3 hours of work by Herring and for 6.3 hours of work by Watts, at an hourly rate of $375, the court now multiplies the hours worked by the appropriate rate as follows:

<u>Attorney</u>     <u>Hours</u>     <u>Hourly</u>     <u>Total</u>

---

If the fee award is to simulate market compensation, therefore, the lawyer in this example is entitled to a risk multiplier of 2 (2 x $200 = $400)." *Id.*

|          | Worked | Rate  | Fee        |
|----------|--------|-------|------------|
| Herring  | 45.3   | $375  | $16,987.50 |
| Watts    | 6.3    | $375  | $2,362.50  |
| Total Fee for Both Attorneys |  |  | $19,350.00 |

Accordingly, this court determines that plaintiff's motion for award of attorneys' fees is due to be granted. Plaintiff is entitled to recover from defendants fees in the amount of $19,350.00. and costs in the amount of $278.66.  A separate and appropriate order will be entered.

DONE this __18th__ day of September, 2012

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE